IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROLINA CASUALTY INSURANCE COMPANY | § § § | |
| V. | § § § | CIVIL ACTION NO. |
| TUTLE & TUTLE TRUCKING, INC., | § | 3:09-CV-02377D |

### DEFENDANT TUTLE & TUTLE TRUCKING, INC.'S
### BRIEF IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, TUTLE AND TUTLE TRUCKING, INC., ("Tutle"), Defendant in the above entitled and numbered cause, and files this, its Brief in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 7.1, and in support thereof would respectfully show this Honorable Court as follows:

### I.

### INTRODUCTION AND FACTS

1.   Carolina Casualty Insurance Company ("Carolina") filed a Complaint against Tutle on or about December 14, 2009.  In its answer, Tutle asserted a Rule 12(b)(6) defense that Carolina had not pleaded a claim upon which relief could be granted.  Tutle hereby files its brief in support of the defense with respect to Carolina's claims for declaration of the rights of the parties under the Carolina policy.

2.   Carolina issued liability policy number 346615, effective March 14, 2007 to June 1, 2008, to Tutle as the named insured.[1]  On September 5, 2007, Henderson was injured while in the course and scope of his employment with Tutle.  Henderson subsequently filed a petition in

---

[1] By referring to the facts as alleged by Carolina, Tutle is following the standard applicable to Rule 12(b)(6) an dis not admitting the truthfulness of the allegations.

the 249th Judicial District Court of Johnson County, Texas complaining of Tutle and other entities.

3. Carolina does not plead that Tutle has tendered the *Henderson* lawsuit to Carolina for defense and/or indemnity. Importantly, no claim has ever been tendered by Tutle to Carolina for defense and/or indemnity of the *Henderson* suit.

4. Despite the fact that no such claim has ever been raised by Tutle, Carolina still seeks a declaration from this Court prospectively denying said claim. As demonstrated below, since no claim has been raised, no actual insurance dispute exists between Carolina on Tutle regarding the *Henderson* matter. As such, this suit should be dismissed as no justiciable controversy exists between the Parties.

## II.

## STANDARD FOR DISMISSAL

5. A motion to dismiss for failure to state a claim is appropriate when the complaint fails to state a legally cognizable claim. FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) defense, a complaint need not correctly categorize the legal theories giving rise to the claims. It must merely allege facts upon which relief can be granted. *Rathbone v. Rathbone,* 683 F.2d 914, 917, n. 8 (5th Cir. 1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir. 1986). "It is not, however, necessary or proper to assume that the plaintiffs can prove facts that they have not alleged." *Id.* at 442 (*citing Assoc. Gen. Contractors v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983)).

6. The plaintiff's pleading obligation, however, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

*Atlantic Corp. v. Twombly,* 550 U.S. 554, 127 S.Ct. 1955, 1964-65. 167 L.Ed.2d 929, 940 (2007). On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegations." *Twombly,* 127 S.Ct. at 1964-65 (*citing Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)).

### III..

### DISMISSAL IS APPROPRIATE

7. The basis of this motion is simple. Under Texas law, the duty to defend and/or indemnify an insured, such as Tutle, under a liability policy, such as the one issued by Carolina to Tutle, is triggered only upon the insured's request for defense and/or indemnity. Tutle has not made such a request or demand upon Carolina with respect to the *Henderson* lawsuit. Therefore, Carolina has failed to present any justiciable issue upon which this Court can make a declaration. On this basis, dismissal of Carolina's complaint is appropriate.

### IV.

### ARGUMENT

8. Carolina requests that this Court make a determination that Carolina has no duty to defend and/or indemnify Tutle for any alleged claims or damages asserted by Henderson against Tutle in the state court action. However, there is no justiciable issue for this Court to make a determination or render a declaratory judgment because Tutle has not tendered the *Henderson* lawsuit to Carolina for a defense and/or indemnity as relates to the claims made by Henderson against Tutle.

9. Under Texas law, no duty is imposed on an insurer until its insured is served and sends the suit papers to the insurer. This action by the insured triggers the insurer's obligation to tender a defense and answer the suit. *LaFarge Corp., et al v. Hartford Cas. Ins. Co.*, 61 F.3d 389, 399 (5th Cir. 1995) (a duty to defend does not arise until a petition alleging a potentially covered

claim is tendered to the insurer); *Clarke v. Allianz Global Risks US Ins. Co.*, 639 F. Supp. 2d 751, 760 (N.D. Tex. 2009) *citing Members Ins. Co. v. Branscum*, 803 S.W.2d 462, 466-67 (Tex. App.--Dallas 1991, no writ); *E & L Chipping Co. v. Hanover Ins. Co.*, 962 S.W.2d 272 (Tex. App. Beaumont 1998, no pet.) (Because an insurer's duty to defend is triggered by notice, the insurer has no duty to reimburse the insured for defense costs incurred before the insured gave the insurer notice of the lawsuit); *Nagel v. Kentucky Cent. Ins. Co.*, 894 S.W.2d 19 (Tex. App.--Austin 1994, writ denied).

10. Tutle refuses to simply allow Carolina to take a judgment against it as the status of the underlying pleadings may yet change and possibly bring Carolina's policy into issue. Obviously, in such event Tutle desires to retain the right to exercise its contractual rights as a policyholder to seek a defense and/or indemnity from Carolina. The mere fact that such an event has not arisen to date does not mean it will not. Nor does it give Carolina the right to prospectively trump Tutle's rights under the policy before Tutle has ever elected to rely upon them. As no claim has ever been asserted against Carolina, no justiciable controversy exists to grant Carolina standing to try and avoid some potential eventual policy obligation

11. While Carolina may have notice of the *Henderson* lawsuit, Tutle has never tendered the lawsuit to Carolina for a defense and/or indemnity to the benefit of Tutle under the Carolina policy and as relates to the claims made by Henderson against Tutle. Because Tutle is not seeking defense/indemnity under the Carolina insurance policy, there is no issue upon which this Court can render declaratory judgment.

## V.

## **CONCLUSION**

Carolina, without basis, requests that this Court make a determination and declaration of the rights and obligations of the parties under the Carolina policy when, in fact, Tutle has not and

is not making a claim under the Carolina policy for defense and/or indemnity in the *Henderson* lawsuit as relates to Henderson's claims against Tutle.

The facts pleaded demonstrate affirmatively that Carolina has not pleaded a claim under which relief can be granted. There is no basis under Texas law for a judicial declaration on the duty to defend and/or indemnify an insured when the insured has not sought defense and/or indemnity under the liability policy. Accordingly, all of Carolina's claims for declaratory judgment against Tutle should be dismissed for failure to state a claim upon which relief can be granted.

WHEREFORE, PREMISES CONSIDERED, Tutle & Tutle Trucking, Inc. respectfully requests that the Court dismiss all claims against it by Carolina Casualty Insurance Company because Carolina fails to state a claim for which relief can be granted and that the Court grant Tutle such other and further relief to which it may be entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:   /s/ Wesley G. Johnson
**R. BRENT COOPER**
State Bar No. 04783250
Brent.Cooper@cooperscully.com
**WESLEY G. JOHNSON**
State Bar No. 240412404
Wes.Johnson@cooperscully.com

900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Fax: (214) 712-9540

**ATTORNEYS FOR DEFENDANT
TUTLE AND TUTLE TRUCKING, INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document was forwarded to counsel herein via email and U.S. Mail or Certified Mail, return receipt requested, on this the 17th of February 2010, as follows:

John K. Woodard
Bush & Ramirez LLC
24 Greenway Plaza
Suite 1700
Houston, TX  77046
email:  kwoodard@bushramirez.com


　　　　　　　　　　　　　　　　 /s/ Wesley G. Johnson_____
　　　　　　　　　　　　　　　　Wesley G. Johnson