```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION
```

| | |
|---|---|
| CAROLINA CASUALTY INSURANCE CO., § § § § | |
| Plaintiff, § § Civil Action No. 3:09-CV-2377-D | |
| VS. § § | |
| TUTLE & TUTLE TRUCKING, INC., § § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

The motion of defendant Tutle & Tutle Trucking, Inc. ("Tutle") to dismiss this declaratory judgment action brought by its insurer, Carolina Casualty Insurance Co. ("Carolina"), for lack of subject matter jurisdiction[1] is denied.[2]

I

Carolina issued an insurance policy (the "Policy") to Tutle. During the coverage period, one of Tutle's employees was injured in the course of his employment. Carolina has filed the instant declaratory judgment action, alleging that the Policy excludes

---

[1] Tutle moves to dismiss under Fed. R. Civ. 12(b)(6). Because the motion contends that there is no justiciable controversy, the court construes it as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).

[2] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

coverage for injuries to employees. Tutle asserts that because it has not yet demanded that Carolina fund its defense or indemnify a settlement or judgment, Carolina owes it no duty. It posits that because Carolina owes it no duty, no justiciable controversy exists, so Carolina has no grounds on which to seek a declaratory judgment.

                                II

The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration[.] Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). The fundamental inquiry in determining whether a "case of actual controversy" exists is whether, taken as a whole, the facts alleged demonstrate "'that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *MedImmune, Inc. v. Greenwich, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Tutle essentially contends that the requisite immediacy is lacking because it has not—and may never—request that Carolina fund its defense or its employee's claim. The court disagrees.

Absent a declaration of its legal obligations, Carolina is prevented from making an informed decision regarding its treatment of the employee's claim. It could at any time be subjected to a demand to contribute to the settlement of that claim. Carolina would then face a choice of either making such a contribution despite the conclusion that it does not owe any duty to indemnify, or refusing to contribute and thus potentially becoming subject to a suit for bad faith breach of the Policy.

"Relevant Supreme Court and Fifth Circuit decisions make clear that a 'case of actual controversy' may be found to exist regarding an insurer's duty to indemnify at a time before the final determination of the insured's liability." *Fed. Ins. Co. v. CompUSA, Inc.*, 2001 WL 1149109, at *1 (N.D. Tex. Sept. 26, 2001) (Fitzwater, J.) (citing *Md. Cas. Co.*, 312 U.S. at 273-74; *Hardware Mut. Cas. Co. v. Schantz*, 178 F.2d 779, 780 (5th Cir. 1949); *Monticello Ins. Co. v. Patriot Sec., Inc.*, 926 F. Supp. 97, 101 (E.D. Tex. 1996); *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998) ("An actual controversy may exist when an insurance carrier seeks a declaratory judgment that it has a duty neither to defend nor indemnify its insured in a state court action that has not yet proceeded to judgment."), *aff'd*, 319 F.3d 746 (5th Cir. 2003). Accordingly, the court holds that Carolina's second amended

complaint[3] presents a substantial controversy between parties that have adverse legal interests of sufficient immediacy and reality to support the exercise of jurisdiction.

\* \* \*

Tutle's February 17, 2010 motion to dismiss is denied.

**SO ORDERED.**

April 12, 2010.

SIDNEY A. FITZWATER
CHIEF JUDGE

---

[3]Carolina filed a second amended complaint on February 23, 2010, after Tutle filed its motion to dismiss on February 17, 2010. The court can treat the motion as if it is addressed to Carolina's second amended complaint. *See, e.g., Moore v. Dallas Indep. Sch. Dist.*, 557 F.Supp.2d 755, 760 (N.D. Tex. 2008) (Fitzwater, C.J.) (holding that because defendant asserted that first amended complaint was subject to dismissal on same grounds as was complaint, and parties had fully briefed sufficiency of claim at issue, court would consider defendant's arguments in assessing whether first amended complaint stated claim on which relief could be granted), *aff'd*, 2010 WL 1141540 (5th Cir. Mar 12, 2010).